DATE:
BY:
PSC/700
EXP. 7/31/2020

CAUSE NO.  201963379

RECEIPT NO.                    0.00        CIV
          *********            TR # 73669075

| | |
|---|---|
| PLAINTIFF: MAYORGA, KRISTEN M<br>        vs.<br>DEFENDANT: STATE FARM MUTUAL AUTOMOBILE INSURANCE | In The    151st<br>Judicial District Court<br>of Harris County, Texas<br>151ST DISTRICT COURT<br>Houston, TX |

CITATION

THE STATE OF TEXAS
County of Harris


TO: STATE FARM MUTUAL AUTOMOBILE INSURANCE
    MAY BE SERVED AT THEIR REGISTERED AGENT
    CORPORATION SERVICE COMPANY
    211  E 7TH STREET SUITE 620   AUSTIN  TX  78701 - 3218
    Attached is a copy of PLAINTIFF'S ORIGINAL PETITION AND REQUEST FOR DISCLOSURE

This instrument was filed on the 5th day of September, 2019, in the above cited cause number
and court. The instrument attached describes the claim against you.

     YOU HAVE BEEN SUED, You may employ an attorney. If you or your attorney do not file a
written answer with the District Clerk who issued this citation by 10:00 a.m on the Monday
next following the expiration of 20 days after you were served this citation and petition,
a default judgment may be taken against you.

TO OFFICER SERVING:
     This citation was issued on 9th day of September, 2019, under my hand and
seal of said Court.

Issued at request of:
DAVIS, C. MICHAEL
3123 KETTERING DRIVE
HOUSTON, TX  77027
Tel: (713) 529-7211
Bar No.: 5469000

MARILYN BURGESS, District Clerk
Harris County, Texas
201 Caroline, Houston, Texas 77002
(P.O. Box 4651, Houston, Texas 77210)
Generated By: COLLINS, IRIS TROISHA  IKS//11322900

---

OFFICER/AUTHORIZED PERSON RETURN

Came to hand at _____ o'clock ___.M., on the _____ day of _____,_____.

Executed at (address) _____ in

_____ County at _____ o'clock ___.M., on the _____ day of _____,

_____, by delivering to _____ defendant, in person, a

true copy of this Citation together with the accompanying _____ copy(ies) of the Petition

attached thereto and I endorsed on said copy of the Citation the date of delivery.
To certify which I affix my hand officially this _____ day of _____, _____.

FEE: $_____

                                    _____

                                    _____ of _____County, Texas

_____          By _____
        Affiant                              Deputy

On this day, _____, known to me to be the person whose
signature appears on the foregoing return, personally appeared. After being by me duly sworn,
he/she stated that this citation was executed by him/her in the exact manner recited on the
return.

SWORN TO AND SUBSCRIBED BEFORE ME, on this _____ day of _____, _____.

                                    _____
                                              Notary Public


N.INT.CITR.P                    *73669075*

# Exhibit A

9/5/2019 11:50 AM
Marilyn Burgess - District Clerk Harris County
Envelope No. 36550085
By: Joshua Hall
Filed: 9/5/2019 11:50 AM

CAUSE NO. _____

| | | |
|---|---|---|
| **KRISTEN M. MAYORGA** | § | **IN THE _____ JUDICIAL DISTRICT** |
| **PLAINTIFF** | § | |
| | § | |
| **VS.** | § | |
| | § | |
| | § | **COURT OF** |
| **STATE FARM MUTUAL** | § | |
| **AUTOMOBILE** | § | |
| **INSURANCE** | § | |
| **DEFENDANT** | § | **HARRIS COUNTY, TEXAS** |

## PLAINTIFF'S ORIGINAL PETITION AND REQUEST FOR DISCLOSURE

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW, KRISTEN M. MAYORGA, (hereinafter referred to as "Plaintiff") complaining of JED PAUL YORK AND STATE FARM MUTUAL AUTOMOBILE INSURANCE (hereinafter referred to as "Defendant"), and makes and files this her Original Petition and Request for Disclosure and for cause of action would show this Honorable Court as follows:

### DISCOVERY CONTROL PLAN LEVEL

1.      Plaintiffs intends that discovery be conducted under Discovery Level 2.  In accordance with Texas Rule of Civil Procedure 47, Plaintiff states that monetary relief sought is over $100,000 but not more than $200,000.00.

### PARTIES

2.      Plaintiff Kristen M. Mayorga is an individual residing in Houston, Texas. Pursuant to the Civil Practice and Remedies Code, Section 30.015(a) her current residence is 1030 Le Green Street, Houston, Texas 77009. The last four (4) digits of her Texas Driver's license number are 7992 and the last four numbers of her social security number are 6416.

Unofficial Copy Office of Marilyn Burgess District Clerk

PLAINTIFF'                                                    SCLOSURE

# Exhibit A

3. Defendant, STATE FARM MUTUAL AUTOMOBILE INSURANCE, is an insurance company doing business in Texas. They may be served at their registered agent Corporation Service Company located at 211 E. 7th Street, Suite 620, Austin, TX 78701-3218.

## JURISDICTION AND VENUE

4. The subject matter in controversy is within the jurisdictional limits of this Court.

5. This Court has jurisdiction over the individual parties because they are Texas residents.

6. Venue in Harris County is proper in this cause under Section 15.002(a) (1) of the Texas Civil Practice and Remedies Code because all or a substantial part of the events or omissions giving rise to this lawsuit occurred in this County.

## FACTS

7. On September 5, 2015, Plaintiff sustained injuries when she was involved in a car accident with a vehicle driven by the Jose Leonardo Hernandez Aguirre in Harris County, Texas The collision is question was a collision caused by the negligence of the Aguirre in the manner in which he operated his motor vehicle. Nothing Plaintiff did or failed to do caused or contributed to cause the collision in question rather the collision was caused by the negligence of the Aguirre. The manner in which he operated his motor vehicle was the sole proximate cause of the collision in question and the resulting injures and damages suffered by the Plaintiff.

8. As a result of the violent collision between the two vehicles, Plaintiff has undergone extensive medical care and treatment including but not limited to her neck and back as well as injuries to her body generally.

PLAINTIFF'                    SCLOSURE

# Exhibit A

## PLAINTIFF'S CLAIMS OF NEGLIGENCE

9.      On the occasion in question the Aguirre was guilty of negligence in that he failed to keep a proper lookout, failing to keep his vehicle under proper control, in operating his vehicle at a greater rate of speed than was safe, reasonable and prudent under the circumstances, in failing to make a timely and proper application of his brakes, in failing to yield the right of way to Plaintiffs vehicle, as well as other acts , both of omission and commission that proximately caused the collision in question and the injuries and damages to your Plaintiff. Due to his violating provisions of the Texas Transportation Act he is guilty of common law negligence as set forth herein above and negligence per se.

10.     Each of the acts or omissions, singularly or in combination with others constituted negligence, which proximately caused the occurrence made the basis of this action and Plaintiff's injuries and damages.

## REQUEST PURSUANT TO RULE 28

11.     To the extent that defendant STATE FARM MUTUAL AUTOMOBILE INSURANCE are or may be conducting business pursuant to a trade name or assumed name, then suit is brought against them pursuant to Rule 28 of the Texas Rules of Civil Procedure. Plaintiff hereby demand that upon answer to this suit that it answer in its correct legal or assumed name. Plaintiff expressly invoke their right under Rule 28 to have the true name of the Defendant insurance company substituted at a later date upon motion of any party or of the Court. Henceforth in this ligation the defendant uninsured motorist company shall be referred to as STATE FARM MUTUAL AUTOMOBILE INSURANCE. On the date of the accident in question the aat fault driver Aguirre was believed to be insured by Affirmative Insurance Company., Subsequent to the collision in question Aguirre's insurance carrier was placed in liquidation and at that time Aguirre

PLAINTIFF'                    SCLOSURE

Exhibit A

became an uninsured driver. Plaintiff's STATE FARM MUTUAL AUTOMOBILE INSURANCE policy provided for uninsured motorist coverage provides that, in the event of an injury as a result of a vehicular collision with a vehicle that was being driven by an uninsured motorist Defendant STATE FARM MUTUAL AUTOMOBILE INSURANCE would pay its UM limits to the extent of damages proximately caused by the uninsured motorist.

## DAMAGES

12.     The incident the subject of this litigation caused Plaintiff to sustain serious, substantial and disabling injuries for which she has undergone medical care and treatment in the past, she currently experiencing problems/pain and in reasonable probity she will continue to suffer from her injuries in the future.

13.     As a result of the uninsured driver's negligence, which negligence proximately caused the incident made the basis of this suit, causing and the resulting injuries suffered by Plaintiff. Plaintiff also would allege that any preexisting condition she may have had before the collision in question was aggravated, exacerbated and made worse by the trauma of the collision in question. Plaintiff is entitled to damages for the following:

    a.      Reasonable medical care and expenses in the past. These expenses were incurred by Plaintiff for the necessary care and treatment of the injuries resulting from the incident complained of herein and such charges are reasonable and were usual and customary charges for such services.

    b.      Reasonable and necessary medical care and expenses which will in all reasonable probability be incurred in the future;

    c.      Physical pain and suffering in the past;

    d.      Physical pain and suffering in the future;

    e.      Physical impairment in the past; and

    f.      Physical impairment which, in all reasonable probability, will be suffered in the future;

    g       Mental anguish in the past and in the future

PLAINTIFF'                                                     SCLOSURE

# Exhibit A

Unofficial Copy Office of Marilyn Burgess District Clerk

h. Costs of suit;

i. Physical disfigurement in the past and in the future; and

j. Loss of wages in the past and loss of wage-earning capacity in the future.

For these elements of damages as well as all other elements of damage to which Plaintiff may show herself to be entitled, Plaintiff seeks damages in excess of 100,000.00 but no more than $200,000.00. Plaintiff reserves the right to amend and increase or decrease the damages she seeks as her medical treatment and lost wages and loss of wage-earning capacity, past and future pain and suffering continues. Plaintiff also seeks prejudgment on her damages as allowed by law.

## REQUEST FOR DISCLOSURE

14. Under Texas Rule of Civil Procedure 194, Plaintiff requests that Defendant disclose within fifty (50) days of the service of this request, the information or material described in Rule 194.2 (a) - (l).

## NOTICE OF INTENT TO USE DOCUMENTS PER T.R.C.P. 193.7

15. In accordance with T.R.C.P. 193.7, this request will also serve as notice of Plaintiff's intent to use any documents which may be produced in response to this request (or any supplements thereto) at the time of trial or any other pretrial proceedings in this matter.

## PRAYER

WHEREFORE, PREMISES CONSIDERED, Plaintiff requests Defendant be cited to appear and answer, and that on a final trial Plaintiff have a judgment against Defendant for a sum within the jurisdictional limits of the Court, prejudgment and post-judgment interest, costs of court and such other and further relief to which Plaintiff may be justly entitled and for which she will ever pray.

PLAINTIFF                                                                                    SCLOSURE

# Exhibit A

Unofficial Copy Office of Marilyn Burgess District Clerk

Respectfully submitted,

**LAW OFFICE OF C. MICHAEL DAVIS**

C. MICHAEL DAVIS
State Bar No. 05469000
3123 Kettering Drive
Houston, Texas 77027
713-252-4196 Fax 713-963-9745
cmdlaw1@aol.com
ATTORNEYS FOR PLAINTIFF

Unofficial Copy Office of Marilyn Burgess District Clerk

PLAINTIFF                    SCLOSURE

# Exhibit A

10/15/2019 7:48 AM
Marilyn Burgess - District Clerk Harris County
Envelope No. 37644850
By: Iris Collins
Filed: 10/15/2019 7:48 AM

## CAUSE NO. 2019-63379

| | | |
|---|---|---|
| **KRISTEN M. MAYORGA** | § | **IN THE DISTRICT COURT** |
| | § | |
| **V.** | § | **HARRIS COUNTY, TEXAS** |
| | § | |
| **STATE FARM MUTUAL** | § | |
| **AUTOMOBILE INSURANCE** | § | **151ST JUDICIAL DISTRICT** |

## <u>DEFENDANT'S ORIGINAL ANSWER</u>

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW, **STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY** (incorrectly named "State Farm Mutual Automobile Insurance" and hereinafter referred to as "State Farm"), Defendant in the above-entitled and numbered cause, and files this Original Answer to Plaintiff's Original Petition and all subsequent supplemental and/or amended petitions filed against it and would respectfully show the Court and Jury as follows:

**I.**

Pursuant to the provisions of Rule 92 of the Texas Rules of Civil Procedure, Defendant denies each and every, all and singular, the allegations contained in the Plaintiff's Original Petition, and demands strict proof thereof.

**II.**

Defendant would show that Plaintiff has failed to fulfill the conditions precedent for bringing an uninsured motorist claim. Specifically, Plaintiff has failed to establish that she is legally entitled to recover damages from the owner or operator of an uninsured motor vehicle because of bodily injury sustained by her, caused by an accident.

# Exhibit B

**III.**

Pleading further, Defendant would show that it is entitled to all credits and offsets allowed under the policy against any damages awarded by the jury.  Such credits and offsets include, but are *not limited to*, all Personal Injury Protection (PIP) payments previously made by State Farm to Plaintiff.

**IV.**

Defendant asserts that Plaintiff is not entitled to attorney fees in this case as there has not yet been a showing of liability or damages entitling Plaintiff to recovery of uninsured motorist benefits.

**V.**

Defendant asserts that Plaintiff is not entitled to pre-judgment interest or any other damages beyond the policy limits of uninsured motorist coverage under the subject insurance contract.

**VI.**

Plaintiff's right to recover medical expenses is limited by the provision of Tex. Civ. Prac. & Rem. Code 41.0105.  Plaintiff is only entitled to recover the reasonable and necessary amounts paid or incurred by or on behalf of the Plaintiff.

**VII.**

Defendant reserves the right to amend this Original Answer pursuant to the said Rules of Civil Procedure.

**WHEREFORE, PREMISES CONSIDERED,** Defendant prays that Defendant be released and discharged of the charges filed against it; that Plaintiff takes nothing by

# Exhibit B

reason of this suit; and for such other and further relief to which Defendant may be justly

entitled and for which Defendant will forever pray.

Respectfully submitted,

**GERMER PLLC**

By: _____

**BARBARA L. HACHENBURG**
State Bar No. 08667070
bhachenburg@germer.com
America Tower
2929 Allen Parkway, Suite 2900
Houston, TX 77019
(713) 650-1313 Telephone
(713) 739-7420 Facsimile

**ATTORNEY FOR DEFENDANT**

**<u>CERTIFICATE OF SERVICE</u>**

I hereby certify that a true and correct copy of the foregoing has been served on all counsel in accordance with Rules 21 and 21a of the Texas Rules of Civil Procedure, on this 14th day of October, 2019.

C. Michael Davis
Law Office of C. Michael Davis
3123  Kettering Drive
Houston, TX 77027

_____

**BARBARA L. HACHENBURG**

# Exhibit B

**Harris County Docket Sheet**

# 2019-63379

**COURT:**  151st

**FILED DATE:**  9/5/2019

**CASE TYPE:**  Motor Vehicle Accident



---

**MAYORGA, KRISTEN M**

Attorney: DAVIS, C. MICHAEL

**vs.**

**STATE FARM MUTUAL AUTOMOBILE INSURANCE**

Attorney: HACHENBURG, BARBARA L.

---

| Date | Comment |
|------|---------|
| **Docket Sheet Entries** | |

